State vs. Hill.

## No. 11,412.

### THE STATE OF LOUISIANA VS. SILAS HILL.

1. The trial judge declined to give to the jury the following requested special charge, viz.:
"If the jury has a reasonable doubt whether the defendant was intoxicated to such a degree as to create a state of mental confusion, excluding the possibility of a specific intent to take life, or positive premeditation, then the verdict should be guilty of manslaughter."

2. Intoxication of the accused to such a degree as to render him incapable of malice in the perpetration of a homicide is a special defence, like a plea of insanity, and puts the burden of proving it upon the party urging it, and its truth must be established by a fair preponderance of evidence.

3. While it is the duty of the prosecution to make out the malicious intent of the accused in the perpetration of a homicide beyond a reasonable doubt, yet it is not its duty to prove a negative by showing that the accused was *not* intoxicated to such a degree as to render him incapable of entertaining malice at the time of the homicide beyond a reasonable doubt; and the trial judge was guilty of no error in refusing to so charge the jury.

APPEAL from the Seventh District Court, Parish of Tensas. *Montgomery, J.*

*M. J. Cunningham,* Attorney-General; *Joseph E. Randell,* District Attorney, and *R. B. Snyder* for the State, Appellee.

*Young & Young* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.    The defendant was convicted on a charge of murder and sentenced to death, and prosecutes an appeal from the judgment rendered, placing his sole reliance on the alleged error of the trial judge in refusing to give to the jury one requested special charge.

The special charge requested and refused was of the following tenor, to-wit:

"If the jury has a reasonable doubt whether the defendant was intoxicated to such a degree as to create a state of mental confusion, excluding the possibility of a specific intent to take life, or positive premeditation, then the verdict should be guilty of manslaughter."

The argument of defendant's counsel upon this proposition is that, inasmuch as evidence had gone to the jury as to the defendant's

state of intoxication at the time of the homicide, it was the province of the jury to determine the degree of intoxication, and whether it was sufficient to reduce the *grade* of the crime committed, from murder to manslaughter; and from that premise his contention is that, as the State must prove, beyond a reasonable doubt, every essential element of the crime charged, and as malicious intent or motive is an essential element of the crime of murder, the State was bound to prove that the accused was not so intoxicated as to render him incapable of entertaining malice toward the accused, and hence the defendant was entitled to the charge requested.

Or, in other words, that the defendant does not rely upon a special defence, but on the want of sufficient evidence to establish the existence of malice on the part of the defendant, on account of his drunkenness at the time of the homicide. Hence, if the evidence raised a reasonable doubt of *such a degree* of intoxication as to create an impossibility of the existence of malicious intent on part of the accused, the grade of the crime is reduced to manslaughter.

On the part of the State, the argument is that the intoxication of the accused is resorted to as a special defense, like a plea of insanity, and that the rules of law provided to test the latter should be applied in this case to test the degree of the defendant's intoxication.

He cites De Rance's case, 34 An. 190, wherein the court had under consideration the special defence of insanity, and in their opinion said, viz.:

" The prosecution must prove all the essential, affirmative allegations (of the indictment) beyond a reasonable doubt, (but) the burden of proof on the plea (of insanity) rests upon the party urging it, and its truth must also be established beyond a reasonable doubt."

He also cites Coleman's case, 27 An. 692.

We are of the opinion that the plea of drunkenness is a special defense, and, like any other, must be proved by the party urging it, to the satisfaction of the jury.

It was the duty of the State to establish the malicious homicide of the deceased, at the hands of the accused, beyond a reasonable doubt; and if in making that proof the drunkenness of the defendant was developed, it was a circumstance for the consideration of the jury, along with other proven facts of the case, in determining the felonious intent of the homicide. But it does not follow that it was the duty of the State to make proof of a negative, by showing, be-

yond a reasonable doubt, that the defendant's state of intoxication was of a degree not to interfere with his judgment and intelligence, or preclude the possibility of his entertaining malice toward the deceased

The trial judge properly declined to give the requested special charge, and the accused is without grounds of complaint.

Judgment affirmed.

Mr. Justice McEnery absent sick.